IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00149-MOC-WCM

| | |
|---|---|
| WILLIAM ORR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. EPA, U.S. DEPARTMENT OF )<br>INTERIOR, FRENCH BROAD )<br>ELECTRIC MEMBERSHIP )<br>CORPORATION, JEFF LOVEN, )<br>U.S. FISH AND WILDLIFE SERVICE )<br>)<br>Defendants. )<br>_____ ) | ORDER |

This matter is before the Court on Plaintiff's "Motion to Temporarily Stay the Preliminary Injunction Proceedings" (the "Motion," Doc. 49). The United States Environmental Protection Agency, the United States Department of Interior, and the United States Fish and Wildlife Service (the "Federal Defendants") have filed a response stating they do not oppose the Motion. Doc. 50. French Broad Electric Membership Corporation and Jeff Loven (the "Private Defendants") have taken the same position. Doc. 51.

I. Background

On June 1, 2017, Plaintiff filed William Orr, Charles Orr v. US EPA, US Forest Service, US Fish and Wildlife Service, French Broad Electric Membership Corporation, and Jeff Loven, No. 1:17-cv-00141-MR-DLH, United

1

States District Court, Western District of North Carolina ("Orr I"). In that matter, the District Court denied a motion by Plaintiff for a TRO and *sua sponte* dismissed the case on June 5, 2017. Plaintiff appealed that decision, but the appeal was dismissed for failure to prosecute. Orr v. U.S. EPA, No. 17-1705, 2017 WL 5997422 (4th Cir. Aug. 7, 2017).

On July 19, 2019, Plaintiff filed a second suit against the Federal Defendants and Private Defendants. See William Orr v. U.S. EPA, U.S. Department of Interior, U.S. Forest Service, U.S. Fish and Wildlife Service, French Broad Electric Membership Corporation, and Jeff Loven, No. 1:19-cv-00226-MOC-WCM, United States District Court, Western District of North Carolina ("Orr II").

On May 15, 2020, the District Court dismissed Orr II with prejudice. See Orr II, Doc. 53.

On July 13, 2020, Plaintiff appealed the dismissal to the United States Court of Appeals for the Fourth Circuit. Orr II, Doc. 56. That appeal remains pending. See Orr v. U.S. EPA, No. 21-1222 (4th Cir.).

On June 7, 2021, Plaintiff filed a "Motion to Stay Final Order Pending Appeal" in Orr II. Orr II, Doc. 60.

Also, on June 7, 2021, Plaintiff filed his "Temporary/Preliminary Injunction Complaint" in the above captioned matter. William Orr v. U.S. EPA, U.S. Department of Interior, French Broad Electric Membership Corporation,

Jeff Loven, and U.S. Fish and Wildlife Service, No. 1:21-cv-00149-MOC-WCM, United States District Court, Western District of North Carolina ("Orr III").

On July 22, 2021, the District Court denied Plaintiff's "Motion to Stay Final Order Pending Appeal" in Orr II. Orr II, Doc. 64 (Plaintiff "is asking the Court to stay the preclusive effect of its decision so that he may pursue new claims in a new district court action, while also pursuing his Fourth Circuit appeal of the present case. Plaintiff has not met his burden of justifying this unusual request").

On July 30, 2021, Plaintiff appealed the District Court's order denying his "Motion to Stay Final Order Pending Appeal" in Orr II. Orr II, Doc. 68; Orr v. U.S. EPA, No. 21-1841 (4th Cir.).

II.  Discussion

In this action (Orr III), Plaintiff has sought a temporary restraining order and a preliminary injunction. Orr III, Doc. 1. Plaintiff's request for a temporary restraining order was denied on June 24, 2021. Orr III, Doc. 12. Accordingly, it appears that the only remaining relief sought by Plaintiff in Orr III is a preliminary injunction.[1]

---

[1] The Private Defendants and the Federal Defendants have filed Motions to Dismiss. Orr III, Docs. 22 & 37. Absent a stay, the deadline for Plaintiff to file a single, consolidated response/reply with respect to his preliminary injunction request and the Motions to Dismiss is November 12, 2021 (the "Consolidated Reply"). Orr III, Doc. 48.

3

In his Motion, Plaintiff requests that the "preliminary injunction proceedings" in Orr III be temporarily stayed pending a decision by the Fourth Circuit of his appeal of the denial of his "Motion to Stay Final Order Pending Appeal" in Orr II. Because the only remaining relief sought by Plaintiff in Orr III is a preliminary injunction, it appears that Plaintiff's Motion is a request to stay the entirety of Orr III.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); see also United States v. Ga. Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977).

Here, Plaintiff asserts that deferring consideration of his preliminary injunction request in Orr III pending resolution of his second appeal in Orr II is appropriate because the applicability of "defendants' preclusion bar defense" is "now before the 4th Circuit." Doc. 49 at 2-3.[2] As noted, neither the Federal Defendants nor the Private Defendants oppose Plaintiff's Motion.

Having reviewed Plaintiff's Motion and the status of Plaintiff's appeals in the Fourth Circuit (Nos. 21-1222 and 21-1841), it appears that judicial

---

[2] Additionally, Plaintiff points out that his Consolidated Reply in Orr III has been limited to twenty-five (25) pages in length and he asserts that the Fourth Circuit's resolution of the preclusion issue will affect which issue(s) on which he will concentrate when preparing his Consolidated Reply. Id. at 3.

4

economy favors temporarily deferring consideration of Plaintiff's request for a preliminary injunction in the instant matter. Further, although it appears that Plaintiff only requests a stay pending resolution of his second appeal, given the related nature of Plaintiff's appeals, the undersigned believes it is more appropriate to issue a stay pending resolution of both of Plaintiff's appeals in Orr II. Accordingly, and following consultation with the chambers of the presiding District Judge, the undersigned will grant Plaintiff's Motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Temporarily Stay the Preliminary Injunction Proceedings (Doc. 49) is **GRANTED AS FOLLOWS**:

(1) All proceedings in this matter (Orr III) are **TEMPORARILY STAYED** pending completion of all appellate proceedings in Orr II.

(2) The parties are directed to **FILE** a Joint Notice in this matter within seven (7) days of the completion of the appellate proceedings in Orr II.

Signed: November 2, 2021

W. Carleton Metcalf
United States Magistrate Judge